**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JUAN LI,**<br>**1419 Constellation Drive,**<br>**Allen, TX 75013,**<br><br>**and**<br><br>**PENG GAO,**<br>**1419 Constellation Drive,**<br>**Allen, TX 75013,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**JEH JOHNSON, Secretary, U.S.**<br>**Department of Homeland Security, in**<br>**his official capacity as well as his**<br>**successors and assigns,**<br>**245 Murray Lane, S.W.,**<br>**Building 410,**<br>**Washington, D.C.  20528,**<br><br>**and**<br><br>**ERIC HOLDER, Attorney General of**<br>**the United States, in his official**<br>**capacity as well as his successors**<br>**and assigns,**<br>**U.S. Department of Justice,**<br>**950 Pennsylvania Avenue, N.W.,**<br>**Washington, D.C. 20530-0001,**<br><br>**and**<br><br>**JAMES B. COMEY, Director**<br>**Federal Bureau of Investigation**<br>**in his official capacity, as well as his**<br>**successors and assigns,**<br>**J. Edgar Hoover Building,**<br>**935 Pennsylvania Avenue N.W.,**<br>**Washington, D.C. 20535,**<br><br>**and**<br><br>**LEON RODRIGUEZ,  Director, U.S.**<br>**Department of Homeland Security,** | **COMPLAINT FOR DECLARATORY**<br>**AND INJUNCTIVE RELIEF AND FOR**<br>**WRIT OF MANDAMUS**<br><br>**CIVIL ACTION NO. _____**<br><br>**ALIEN NO. A205681705,**<br>**A204703953**<br><br>**AGENCY CASE NUMBERS:**<br>**SRC1390207834, SRC1390207831**<br><br>**REQUEST FOR ORAL ARGUMENT** |

**U.S. Citizenship and Immigration**        )
**Services, in his official capacity, as**   )
**well as his successors and assigns,**      )
**20 Massachusetts Avenue, N.W.,**           )
**Washington, D.C. 20529,**                  )
                                             )
     **and**         )
                                             )
**DONALD NEUFELD, Associate**                )
**Director, Service Center Operations**      )
**Directorate,**                             )
**U.S. Department of Homeland**              )
**Security,**                                )
**U.S. Citizenship and Immigration**         )
**Services, in his official capacity as**    )
**well as his successors and assigns,**      )
**20 Massachusetts Avenue, N.W.,**           )
**Washington, D.C. 20529,**                  )
                                             )
     **and**         )
                                             )
**GREGORY A. RICHARDSON, Center**            )
**Director,**                                )
**Texas Service Center,**                    )
**U.S. Department of Homeland**              )
**Security,**                                )
**U.S. Citizenship and Immigration**         )
**Services, in his official capacity as**    )
**well as his successors and assigns,**      )
**4141 North St. Augustine Road,**           )
**Dallas, TX 75227,**                        )
                                             )
     **Defendants.**  )


## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR WRIT OF MANDAMUS

Plaintiffs, Juan Li and Peng Gao, through undersigned counsel, allege as follows:

### I.  INTRODUCTION

1.        This civil action seeks to compel unreasonably delayed government action on the

adjudication of the Form I-485 Applications for Adjustment of Status ("I-485 Applications") to

Lawful Permanent Resident ("LPR") properly filed by Plaintiffs on March 6, 2013.   These

Applications were filed and remain within the jurisdiction of U.S. Citizenship and Immigration

Services ("USCIS"), which has improperly withheld action on the I-485 Applications for **more**

**than 750 days, or over two years**, to Plaintiffs' detriment.

2.     When Congress enacted the Immigration Services and Infrastructure Improvements Act of 2000, it indicated that immigration benefit Applications filed under the Immigration and Nationality Act (which include I-485 Applications) "should be completed not later than **180 days** after the initial filing of the application…." 8 U.S.C. §1571(b).

3.     The Administrative Procedure Act ("APA") requires that administrative agencies conclude matters presented to them "within a reasonable time." 5 U.S.C. §555(b).

4.     This action seeks injunctive and mandamus relief to compel USCIS to adjudicate Plaintiffs' I-485 Applications.  The APA provides that a person adversely affected by agency action is entitled to judicial review.  *See* 5 U.S.C. §702.  A reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1).

5.     Plaintiffs have made numerous inquiries with USCIS regarding the delayed adjudication of their I-485 Applications, without success.  Plaintiffs have not been advised of any specific problem, issue, or question about their filings.  Instead, Plaintiffs have simply been told that their Applications were being subjected to further review and that they have to wait, indefinitely, until this undisclosed further review is completed.

6.     As a result, Plaintiffs are suffering hardship from this unreasonably and unlawfully delayed adjudication, as detailed further herein.

7.     This action also seeks to compel the Federal Bureau of Investigation ("FBI") to complete Plaintiffs' National Name Check Program ("NNCP") clearances, which may be contributing to the unreasonably delayed adjudication of Plaintiffs' Applications.

8.     Plaintiffs seek an order from this Honorable Court directing Defendants to complete all necessary steps and adjudicate the subject I-485 Applications within fourteen (14) days of an Order of this Court.

9.     Plaintiffs are entitled to attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 5 U.S.C. §504 and 28 U.S.C. §2412(d), *et seq.*

## II. JURISDICTION

10.     This Honorable Court has subject matter jurisdiction over the claims alleged in this action under: (1) 28 U.S.C. §1331 (federal question jurisdiction), because Plaintiffs' claims arise under the laws of the United States, including 5 U.S.C. §§555 and 701, *et seq.* (APA), 8 U.S.C. §1101 *et seq.* (Immigration and Nationality Act) (including 8 U.S.C. §§1151, 1154 and 1255), and 8 U.S.C. §1571 (Immigration Services and Infrastructure Improvements Act of 2000); and (2) 28 U.S.C. §1361 (Mandamus Act).  This court may grant relief in this action under 5 U.S.C. §§553, *et seq.* and §§701 *et seq.* (APA); 28 U.S.C. §§1361, *et seq.* (Mandamus Act), 28 U.S.C. §§651, *et seq.* (All Writs Act), and 28 U.S.C. §§2201, *et seq.* (Declaratory Judgment Act).

## III. VENUE

11.     Venue is properly with this Court, pursuant to 28 U.S.C. §1391(e)(1), because:

a. Defendant Secretary Jeh Johnson is an officer of the Department of Homeland Security ("DHS") and is responsible for the operation of the DHS and its sub-agency USCIS, which are both headquartered in the District of Columbia.  Defendant Johnson performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

b. Defendant Attorney General Eric Holder is an officer of the Department of Justice ("DOJ"), which is headquartered in the District of Columbia. Defendant Holder performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

c. Defendant Director James B. Comey is an officer of the DOJ and Director of the FBI, which is headquartered in the District of Columbia.  Defendant Comey performs a significant amount of his official duties in the District of Columbia and resides, for purposes of

venue, within the District of Columbia;

d.  Defendants Leon Rodriguez and Donald Neufeld are officers of the DHS and are the Director and Associate Director of the USCIS, which is headquartered in the District of Columbia.  Defendants Rodriguez and Neufeld perform a significant amount of their official duties in the District of Columbia and reside, for purposes of venue, within the District of Columbia;

e. Defendant Gregory A. Richardson is an officer of the Department of Homeland Security and USCIS.  Defendant Richardson is the Director of the USCIS Texas Service Center.   Defendant Richardson retains jurisdiction over the I-485 Applications in question, subject to the discretion of Defendant Rodriguez, who resides in the District of Columbia;

f. A substantial part of the events or omissions giving rise to Plaintiffs' Complaint occurred within the offices of the DHS, FBI, and USCIS, which are all headquartered in the District of Columbia; and

g.  Judicial economy and the interests of justice warrant that Plaintiffs' action be brought and decided in the District of Columbia, because the above-listed U.S. Government Defendants perform a significant amount of their official duties, and their agencies are all located, within the jurisdiction of this Honorable Court, or are subject to the direction of their Agency Director who is similarly located within the District of Columbia.[1]

12.     Due to the decentralized nature of USCIS case processing, which allows for the transfer of immigrant benefit petitions and Applications to any USCIS facility located anywhere

---

[1] Courts in this district have held that, "[w]hen an officer or agency head performs a 'significant amount' of his or her official duties in the District of Columbia, the District of Columbia is a proper place for venue." *Dehaemers v. Wynne*, 522 F. Supp. 2d 240, 248 (D.D.C. 2007) (citing *Jyachosky v. Winter*, 2006 U.S. Dist. LEXIS 44399 at 12 (D.D.C. June 29, 2006) (citing *Bartman v. Cheney*, 827 F.Supp. 1, 1 (D.D.C. 1993) (holding that the Secretary of Defense resides in Washington, D.C. for purposes of 28 U.S.C. §1391(e))).

in the United States of America, at any time, venue is only appropriate in the District Court for the District of Columbia.

## IV. PARTIES

13.     Plaintiff-wife, Juan Li, is an adult individual who is a national of China and resides lawfully in the United States.  She resides at 1419 Constellation Drive, Allen, TX 75013.  *See* Affidavit of Juan Li, dated March 9, 2015, a copy of which is attached and incorporated hereto as Exhibit A.

14.     Plaintiff-husband, Peng Gao, is an adult individual who is a national of China and resides lawfully in the United States.  He resides at 1419 Constellation Drive, Allen, TX 75013. *See* Affidavit of Peng Gao, dated March 9, 2015, a copy of which is attached and incorporated hereto as Exhibit B.

15.     Jeh Johnson is the Secretary of the DHS and this action is brought against him in his official capacity only, as well as his successors and assigns.  He is charged with overseeing the DHS, which includes its sub-agency, USCIS, and with implementing the provisions of the INA.   He is further authorized to delegate certain powers and authority to subordinate employees of the USCIS, which is an agency within the DHS.  DHS is headquartered at 245 Murray Lane, S.W., Washington, D.C. 20598.

16.     Eric Holder is the Attorney General of the United States and this action is brought against him in his official capacity only, as well as his successors and assigns.  He is charged with certain functions involved in the implementation of the INA, and is further authorized to delegate such powers and authority to subordinate employees of the FBI, which is an agency within the U.S. Department of Justice.   More specifically, Mr. Holder is responsible for overseeing the timely completion of all requests made by the USCIS for security clearances, including screenings by the FBI's National Name Check Program, which is mandated by Executive Order No. 10450.  Presently, every intending immigrant must pass an FBI NNCP

screening before his or her I-485 application can be approved.  The DOJ is headquartered at 950 Pennsylvania Avenue, N.W., Washington, D.C.  20530-0001.

17.     James B. Comey is the Director of the FBI and is named herein only in his official capacity, as well as his successors and assigns, and his duties include ensuring timely completion of all requests made by the USCIS for security clearances, including NNCP screenings. The FBI is headquartered at the J. Edgar Hoover Building, 935 Pennsylvania Avenue, NW, Washington, D.C. 20535-0001.

18.     Leon Rodriguez is the Director of the USCIS, who is named herein only in his official capacity, as well as his successors and assigns.  He is generally charged with the implementation of the Immigration and Nationality Act, and is further authorized to delegate certain powers and authority to subordinate employees of the USCIS.  USCIS is specifically assigned with the adjudication of I-485 Adjustment of Status Applications.  USCIS is headquartered at 20 Massachusetts Avenue, N.W., Washington, D.C. 20529.

19.     Donald Neufeld is the Associate Director, Service Center Operations Directorate, of the USCIS, who is named herein only in his official capacity, as well as his successors and assigns.  He is generally charged with the implementation of the Immigration and Nationality Act, and is further authorized to delegate certain powers and authority to subordinate employees of the USCIS.  USCIS is specifically assigned the adjudication of I-485 Adjustment of Status Applications.  USCIS is headquartered at 20 Massachusetts Avenue, N.W., Washington, D.C. 20529.

20.     Gregory A. Richardson is the Director of the Texas Service Center of the USCIS located at 4141 North St. Augustine Rd, Dallas, TX 75227 and is named herein only in his official capacity, as well as his successors and assigns. The I-485 Applications in question were properly filed by Plaintiffs with the USCIS Texas Service Center on March 6, 2013.  *See* Exhibits A-C. USCIS, through its headquarters in Washington, D.C., any of its four (4) service centers, National Benefits Center, numerous Field Offices, numerous Sub-Offices and Application

Support Centers, has a mandatory duty to act on properly-filed I-485 Applications within a reasonable period of time.

## V.  STATEMENT OF FACTS

**A.      Process to Become a Lawful Permanent Resident**

21.      An alien residing in the U.S. must complete a multi-step process to become a LPR based on an employment opportunity.   The intending immigrant's actual or potential employer initiates the first of one or two stages.   First, most employers file an Application for Alien Employment Certification, also known as a Labor Certification application ("LC"), with the U.S. Department of Labor ("DOL").   The DOL grants certification when it has been shown to their satisfaction that there are insufficient qualified U.S. workers available and willing to perform the job offered in the area of intended employment.   *See* 8 U.S.C. §1182(a)(5)(A).

22.      Second, if DOL grants the Labor Certification requested, the employer must then file a Form I-140 Immigrant Petition ("I-140") with USCIS on behalf of the intending immigrant based on the job offer certified by the DOL.   The intending immigrant is referred to as the "beneficiary" of the I-140 Petition.   USCIS examines evidence filed with the petition to determine eligibility for the benefit requested.   *See* 8 U.S.C. §§1153(b) and 1154(b).

23.      Third, the intending immigrant files an I-485 Application to adjust status to become an LPR.   This may be filed concurrently with the I-140 petition.   *See* 8 C.F.R. §245.2(a)(2)(i).   An approved I-140 petition is a prerequisite to the approval of the I-485 application. *See* 8 U.S.C. §1255(a).

24.      In the case of individuals sponsored in the EB1 category as aliens of Extraordinary Ability, Outstanding Professors or Researchers, or Multi-National Executives or Managers, the petitioning employer can skip the LC stage and immediately file an I-140 petition.

**B.      Case History**

25.      On or about November 16, 2012, Intelligent Epitaxy Technology filed an I-140

Petition on behalf of Plaintiff-wife in the EB1B category as an "Outstanding Professor or Researcher." The USCIS receipt number for this I-140 petition is SRC-13-900-65029.

26.    The I-140 Petition was approved on January 30, 2013. *See* USCIS Form I797 dated January 30, 2013, a copy of which is attached and incorporated hereto as Exhibit C.

27.    On or about March 6, 2013, Plaintiffs filed their I-485 Applications. *See* USCIS Forms I-797C, Receipt Numbers SRC-13-902-07834, SRC-13-902-07831, dated March 11, 2013, copies of which are attached and incorporated hereto as Exhibit D.

28.    Plaintiffs moved to a new residence in July 2013 and filed an AR-11 address notification with USCIS. See USCIS Inquiry response, dated July 10, 2013, copies of which are attached and incorporated hereto as Exhibit E.

29.    The INA provides numerical limits on the number of aliens who may be issued immigrant visas or admitted to the United States for permanent residence.  8 U.S.C. §1151(a). The Department of State publishes a monthly bulletin to track and announce the availability of these visas.  The Department of State's monthly Visa Bulletins for the months of **March and April 2015** demonstrate that immigrant visas are currently available to Plaintiffs, and will remain available in April 2015.  *See* U.S. Department of State Visa Bulletins for March and April 2015, partial copies of which are attached and incorporated hereto as Exhibit F.  Plaintiffs' priority date is November 16, 2012, in the first preference employment category (EB1). The Visa Bulletins for March and April 2015 show that visa numbers are currently, and will remain available in the employment-based, first preference category for all qualified applicants for China (through at least the end of April 2015, if not longer).  As Plaintiffs are Chinese nationals, they are members of this class. *See* Exhibits A-C.

30.    Therefore, immigrant visas are immediately available to the Plaintiffs, and the Plaintiffs are eligible for adjustment of status to that of permanent residents.  8 U.S.C. §1255(a); 8 C.F.R. §245.2(a)(2).

31.    Due to extreme delays, the I-485 Applications are still pending with USCIS.  *See*

Exhibits A-D.

32.     It has now been **over 750 days** since Plaintiffs properly filed their I-485 Applications with USCIS.

33.     Plaintiffs have completed all steps required for approval of their I-485 Applications.  *See* Exhibits A-D.

34.     When Congress enacted the Immigration Services and Infrastructure Improvements Act of 2000, it set the period of **180 days** as the normative expectation for the government to complete the processing of immigration benefit Applications (which include I-485 Applications).  Congress indicated that adjudication of such petitions and Applications "should be completed not later than 180 days after the filing of the initial filing of the application…." *See* 8 U.S.C. §1571(b).

35.     Based on USCIS's own published processing times, the USCIS Texas Service Center (where Plaintiffs' Applications are pending) is now adjudicating I-485 Applications that were filed 7 months ago. Yet Defendants have not adjudicated Plaintiffs' own I-485 Applications which were filed more than two years ago. *See* USCIS Processing Time Information for Texas Service Center, posted January 31, 2015, a copy of which is attached and incorporated hereto as Exhibit G.

**D.     USCIS and FBI Security Checks**

36.     Once any application for an immigration benefit is filed, which includes I-485 Applications, the FBI conducts mandatory criminal and national security background checks before an adjudication of the petition or application is completed.  These security checks include the FBI Name Check, which is part of the NNCP.  *See* Declaration of Bradley J. Brouillette, Supervisory Center Adjudications Officer at the VSC, dated April 23, 2007, at page 2, a copy of which is attached and incorporated hereto as Exhibit H.

37.     In a majority of FBI Name Checks, no "matches" or indications of derogatory information are found.  *See* Exhibit H, page 2.

38.     The FBI processes USCIS-requested NNCP checks chronologically, based on the date the request was forwarded.   Initial responses to the NNCP check are generally available within two (2) weeks.   In eighty percent (80%) of Applications, no "match" or derogatory information is found.   Of the remaining twenty percent (20%), most NNCP checks are resolved within six (6) months.   *See* Exhibit  H, page 6 and USCIS Fact Sheet, dated April 25, 2006, which was referenced in and incorporated into Mr. Brouillette's Declaration, at pages 2-3.

39.     The FBI has stated, in a declaration previously submitted to a court in this district, that it has historically resolved approximately sixty-eight percent (68%) of NNCP name checks with a "no record" result within seventy-two (72) hours.   Of the remaining cases, a secondary check historically has revealed a "no record" result within an additional thirty to sixty (30 - 60) days for twenty-two percent (22%) of all cases.   Of the remaining ten percent (10%) of cases, less than one percent (1%) of USCIS cases are identified with a file containing *possible* derogatory information.   *See* Declaration of Michael A. Cannon, dated April 13, 2007, at pages 5-6, a copy of which is attached and incorporated hereto as Exhibit I.

40.     On March 4, 2009, USCIS issued an update on the FBI Name Check Backlogs, indicating that much of the backlog has been eliminated.   The Update indicated that by the end of June 2009, the FBI will have completed 98% of USCIS Name Check requests within 30 days, and process the remaining two within three months.   *See* USCIS Update on FBI Name Check backlogs, March 4, 2009, a copy of which is attached and incorporated hereto as Exhibit J.

**E.     Exhaustion of Administrative Remedies**

41.     Plaintiffs attended an Infopass appointment at their local USCIS office to inquire about their cases on August 2, 2013. They were informed that their I-485 Applications were still under normal processing times. *See* Exhibits A, B and K.

42.     Plaintiffs visited the USCIS website on September 24, 2013 and September 25, 2013 to place "e-Requests" because their I-485 applications were beyond normal processing

times.  The response from USCIS stated that their applications were pending but USCIS was unable to provide a completion date. *See* Exhibits A and B, and the USCIS Inquiry Responses dated September 28, 2013 and September 30, 2013, copies of which are attached and incorporated hereto as Exhibit L.

43.     Plaintiffs again visited the USCIS website on November 26, 2013 to place e-Requests because their I-485 Applications were beyond normal processing times. USCIS responded stating that their cases were pending adjudication but they could not provide a completion date. *See* USCIS Inquiry Responses dated November 29, 2013 and December 3, 2013, copies of which are attached and incorporated hereto as Exhibit M.

44.     Plaintiffs contacted U.S. Senator John Cornyn in February 2014 for assistance with their I-485 Applications. Senator Cornyn placed a congressional inquiry on their behalf on February 20, 2014. On March 13, 2014, Senator Cornyn sent Plaintiffs the inquiry response which stated that their cases were pending, that USCIS was unable to determine when the review process would be complete, and that they would issue a decision once certain issues were resolved. *See* Correspondence from Senator Cornyn dated March 13, 2014, a copy of which is incorporated and attached hereto as Exhibit N.

45.     In March 2014, Plaintiffs visited the USCIS website again to place e-Requests because their I-485 Applications were beyond normal processing times. The USCIS response stated that the cases were pending adjudication but USCIS was unable to provide a completion date. *See* USCIS Inquiry Responses dated March 27, 2014 and April 2, 2014, copies of which are incorporated and attached hereto as Exhibit O.

46.     Plaintiffs attended an Infopass appointment at their local USCIS office to inquire about their cases on April 3, 2014. They were informed that their I-485 Applications were pending a background check, therefore USCIS could not provide a completion date. *See* Exhibits A, B and P.

47.     On June 3, 2014, Plaintiff-wife sent an email to tsc.ncscfollowup@dhs.gov,

requesting their assistance. On June 19, 2014, she received a response stating that the I-485 Applications were pending adjudication but they were unable to provide us with a completion date. *See* USCIS Inquiry Response dated June 19, 2014, a copy of which is incorporated and attached hereto as Exhibit Q.

48.     On June 3, 2014, Plaintiff-wife also contacted the CIS Ombudsman for assistance. On June 5, 2014, she received a response from the Ombudsman stating that the I-485 Applications were actively being reviewed but that USCIS could not provide a specific time frame for resolution of their cases. She responded to the email requesting more information. She did not receive a response. *See* Exhibits A and B, and the CIS Ombudsman Correspondence dated June 5, 2014, a copy of which is incorporated and attached hereto as Exhibit R.

49.     On July 1, 2014, Plaintiff-wife visited the USCIS website and placed an e-Request because her I-485 application was beyond normal processing times. On July 14, 2014, she received a response from USCIS stating that her case was pending adjudication but USCIS was unable to provide a completion date. *See* USCIS Inquiry Response dated July 14, 2014, a copy of which is incorporated and attached hereto as Exhibit S.

50.     On July 10, 2014, Plaintiff-wife sent a follow up email to the CIS Ombudsman requesting adjudication of her I-485 Application. On July 22, 2014, she received an email from the CIS Ombudsman stating that they did not have an update for her case. *See* CIS Ombudsman Correspondence dated July 22, 2014, a copy of which is incorporated and attached hereto as Exhibit T.

51.     Plaintiff-wife contacted her U.S. senator again regarding the delays in her case. On July 23, 2014, Senator Cornyn placed another congressional inquiry for the I-485 applications. On August 26, 2014, he sent the response from USCIS which stated that the cases were pending, that they were unable to determine when the review process would be complete and that they would issue a decision once certain issues were resolved. *See*

Correspondence from Senator Cornyn dated August 26, 2014, a copy of which is incorporated and attached hereto as Exhibit U.

52.     On August 11, 2014, Plaintiff-wife received an email from the CIS Ombudsman's office stating that they did not have an update for her I485 Application. Plaintiff-wife responded to that email asking for more information on her case. The CIS Ombudsman's office responded stating that they had not received an update from USCIS and therefore could not provide her with more information. *See* Email Correspondence dated August 11, 2014, a copy of which is incorporated and attached hereto as Exhibit V.

53.     On August 22, 2014, Plaintiff-wife placed another e-Request to get a status update for her I-485 Application. On September 10, 2014, she received a written response stating that USCIS needed to perform additional review on her case, and this caused the longer processing time. The notice also stated that if she did not receive a decision within 6 months, she was to call the National Customer Service Center. *See* USCIS Inquiry Response dated September 10, 2014, a copy of which is incorporated and attached hereto as Exhibit W.

54.     On October 7, 2014, Plaintiff-wife sent an email to the CIS Ombudsman requesting an update regarding her I-485 Application and confirmation that a list of long pending cases was sent to USCIS in August. She received a response on October 8, 2014, stating that a list of long pending cases had been sent to USCIS, that the Plaintiffs' cases were included and that they should expect to receive a decision in November. *See* CIS Ombudsman Correspondence dated October 8, 2014, a copy of which is incorporated and attached hereto as Exhibit X.

55.     On November 10, 2014, Plaintiff-husband placed an e-Request to get a status update for his I-485 Application. On November 24, 2014, he received a response stating that his case was pending adjudication but USCIS was unable to provide a completion date. *See* USCIS Inquiry Response dated November 24, 2014, a copy of which is incorporated and attached hereto as Exhibit Y.

56.     On January 6, 2015, Plaintiff-wife emailed the CIS Ombudsman for an update on her I-485 Application. On January 9, 2015, she received a response stating that they did not have an update but would forward a list of long pending cases to USCIS. USCIS would have 60 days to respond. To date, she has not received a response. *See* CIS Ombudsman Correspondence dated January 9, 2015, a copy of which is incorporated and attached hereto as Exhibit Z.

57.     There are no further administrative remedies available to Plaintiffs to redress their grievances described herein.

**VI. CLAIMS FOR RELIEF**

**Count I**

**(Violation by DHS/USCIS of 5 U.S.C. §555(b))**

58.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

59.     Pursuant to the APA, a person adversely affected by agency action in entitled to judicial review.  *See* 5 U.S.C. §702.  Agency action includes a failure to act.  *See* 5 U.S.C. §551(13).

60.     The APA requires agencies to conclude matters presented to them "within a reasonable time."  5 U.S.C. §555(b).

61.     A court may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1).

62.     Under the APA, USCIS has a mandatory, non-discretionary duty to complete the adjudication of Plaintiffs' I-485 Applications, and to do so within a reasonable time.

63.     Under the INA and DHS regulations, DHS, through its sub-agency USCIS, has a mandatory, non-discretionary duty to adjudicate Plaintiffs' I-485 Applications.  *See* 8 U.S.C. §1255 (providing non-citizens the right to seek adjustment of status and assigning the Secretary of DHS the task of adjudicating such Applications), 8 C.F.R. §103.2(b)(19) (requiring a written

decision on petitions and Applications) and 8 C.F.R. §245.2(a)(5)(i) (requiring notification to the applicant of the decision on the I-485 applications for adjustment of status and the reasons therefore).

64.     Plaintiffs challenge only the reasonableness of Defendants' delay or inaction in the adjudication of the subject Applications, not the grant or denial of these filings.

65.     The Immigration and Nationality Act indicates that a reasonable time period for USCIS to adjudicate Applications for immigration benefits (which include I-485 Applications) is within 180 days of filing.  See 8 U.S.C. §1571(b) (it is the sense of Congress that the processing of an immigration benefit application (which includes I-485 Applications) should be completed not later than 180 days after the initial filing of the application).

66.     Based on the USCIS' own published processing times, the USCIS Texas Service Center (where Plaintiffs' Applications are pending) is adjudicating I-485 Applications submitted 7 months ago, yet has not adjudicated Plaintiffs' own Applications which were filed more than two years ago.  See Exhibit G.

67.     USCIS' delay in adjudication of Plaintiffs' I-485 Applications of over 750 days since the subject cases were filed is unreasonable and in violation of the APA.

68.     Plaintiffs have exhausted their administrative remedies.

69.     USCIS' unreasonable and unlawful delay in adjudication of Plaintiffs' I-485 Applications has caused, and is causing, Plaintiffs ongoing and substantial injuries.

**Count II**

**(Mandamus Action to Compel an Officer of DHS/USCIS to Perform his Duty)**

70.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

71.     Plaintiffs assert claims for mandamus relief under 28 U.S.C. §1361 which provides the authority to compel an agency to perform a duty owed to Plaintiffs.

72.     USCIS has a mandatory, ministerial, non-discretionary duty to adjudicate

Plaintiffs' I-485 Applications.  *See*, *e.g.,* 8 U.S.C. §1255 (providing non-citizens the right to seek adjustment of status and assigning the Secretary of DHS the task of adjudicating such Applications), 8 C.F.R. §103.2(b)(19) (requiring a written decision on petitions and applications), and 8 C.F.R. §245.2(a)(5)(i) (requiring notification to the applicant of the decision on the I-485 application for adjustment of status and the reasons therefore).

73.     USCIS has a mandatory, ministerial, non-discretionary duty to adjudicate Plaintiffs' I-485 Applications within a reasonable time.

74.     Plaintiffs challenge only the reasonableness of Defendants' delay or inaction in the adjudication of the subject Applications, not the grant or denial of these filings.

75.     The Immigration and Nationality Act indicates that a reasonable time period for USCIS to adjudicate petitions and applications for immigration benefits such as Petitions for Immediate Relatives and for Adjustment of Status is within 180 days of initial filing.  *See* 8 U.S.C. §1571(b) (it is the sense of Congress that the processing of an immigration benefit application (which includes I-485 Applications) should be completed not later than 180 days after the initial filing of the application).

76.     Based on the USCIS' own published processing times, the USCIS Texas Service Center (where Plaintiffs' Applications are pending) is adjudicating I-485 Applications submitted 7 months ago, yet has not adjudicated Plaintiffs' own Applications which were filed more than two years ago.  *See* Exhibit G.

77.     Against these standards, DHS/USCIS have failed to adjudicate the subject Applications within a reasonable period of time, considering that over 750 days have passed since Plaintiffs filed their I-485 Applications.

78.     Plaintiffs have no other adequate remedy to compel the agency to perform its duty, since Plaintiffs have contacted USCIS without results or indication of when adjudication of these cases might be forthcoming.

79.     Plaintiffs ask the Court to compel DHS Secretary Jeh Johnson, USCIS Director

Leon Rodriguez, USCIS Associate Director Donald Neufeld, and Director Richardson, to perform their duty and adjudicate Plaintiffs' Applications.

80.    USCIS' unreasonable and unlawful delay in adjudication of the subject I-485 Applications have caused, and is causing, Plaintiffs ongoing and substantial injury.

**Count III**

**(Violation by DOJ/FBI of 5 U.S.C. §555(b))**

81.    Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

82.    Pursuant to the APA, a person adversely affected by agency action in entitled to judicial review.   *See* 5 U.S.C. §702.   Agency action includes a failure to act.   *See* 5 U.S.C. §551(13).

83.    The APA requires agencies to conclude matters presented to them "within a reasonable time."  5 U.S.C. §555(b).

84.    A court may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1).

85.    Defendant FBI has a mandatory, non-discretionary duty to complete all USCIS-requested NNCP name checks.   *See, e.g.,* Pub. L. 105-119, Title I, 111 Stat. 2440, 2448-49 (1997); 8 C.F.R. §335.2(b).

86.    Defendant FBI has a mandatory, non-discretionary duty to complete USCIS-requested NNCP name checks within a reasonable time.

87.    Plaintiffs' Complaint challenges only the reasonableness of Defendants' delay or inaction in the completion of the NNCP checks on the subject I-485 Applications, not the grant or denial of these filings.

88.    Defendant FBI's delay in completing these NNCP name checks is unreasonable and therefore in violation of the APA, considering that over 750 days have passed since Plaintiffs filed their I-485 Applications, which is far in excess of the average time it takes the FBI

to complete two name checks.

89.     Defendant FBI's unreasonable delay in completing the NNCP name checks for the subject I-485 Applications is preventing adjudication by USCIS.

90.     Plaintiffs have exhausted their administrative remedies.

91.     The FBI's unreasonable and unlawful delay in completion of the NNCP name checks for the subject I-485 Applications have caused, and is causing, Plaintiffs ongoing and substantial injuries.

## Count IV

### (Mandamus Action to Compel an Officer of DOJ/FBI to Perform his Duty)

92.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

93.     Plaintiffs assert a claim for mandamus relief under 28 U.S.C. §1361 which provides the authority to compel an agency to perform a duty owed to Plaintiffs.

94.     The FBI has a mandatory, ministerial, non-discretionary duty to complete the NNCP name checks for the subject I-485 Applications.  *See, e.g.,* Pub. L. 105-119, Title I, 111 Stat. 2440, 2448-49 (1997).

95.     The FBI has a mandatory, ministerial, non-discretionary duty to complete the NNCP name checks for the subject I-485 Applications within a reasonable time.

96.     Plaintiffs have a clear and certain right to have the NNCP name checks for the subject I-485 Applications completed within a reasonable period of time.

97.     Plaintiffs challenge only the reasonableness of Defendants' delay or inaction in the completion of these NNCP checks, and adjudication of the subject I-485 Applications, not the grant or denial of this case.

98.     The FBI has failed to complete the NNCP name checks on the subject I-485 Applications within a reasonable period of time, considering that over 750 days have passed since Plaintiffs filed the I-485 Applications in question. This time period is far in excess of the

average time it takes the FBI to complete two name checks.

99.     Plaintiffs have no other adequate remedy to compel the agency to perform its duty.

100.     Plaintiffs ask this Court to compel Defendants Attorney General Holder and FBI Director James Comey to complete the FBI National Name Check Program clearances on the subject I-485 Applications, which are required for the USCIS to adjudicate these I-485 Applications.

101.     The FBI's unreasonable and unlawful delay in completion of these NNCP name checks has caused, and is causing, Plaintiffs ongoing and substantial injuries.

### VII. INJURIES TO PLAINTIFFS

102.     The USCIS' unreasonable delay in adjudicating the subject I-485 Applications is causing Plaintiffs substantial harm.  Plaintiffs' ability to travel abroad and work are restricted during the pendency of the application period.  Plaintiffs must apply annually for advance parole and work authorization, which causes an undue amount of stress, and a financial burden. *See* Exhibits A-D.

103.     The USCIS' unreasonable delay is preventing Plaintiffs from obtaining lawful permanent resident status in the United States.  This status would provide Plaintiffs with the following benefits:  the right to remain lawfully in the U.S. and not be subject to deportation; the right to work in the United States, and the right to pursue U.S. citizenship through naturalization. *See* Exhibits A-D.

WHEREFORE, Plaintiffs pray that this Honorable Court:

(1)    Declare that Defendants' delay in adjudicating Plaintiffs' I-485 Applications (including completing the FBI name checks) is unreasonable and in violation of the APA and the INA;

(2)    Compel Defendant Secretary Johnson, Defendant Director Rodriquez, Defendant Associate Director Neufeld, and Defendant Director Richardson to perform their duty to adjudicate Plaintiffs' I-485 Applications;

(3)    Compel Defendant Attorney General Eric Holder and Defendant Director Comey to complete the name, background and security checks for the subject I-485 Applications;

(4)    Compel Defendants to complete all necessary steps and adjudicate the subject I-485 Applications within fourteen (14) days of an Order of this Court;

(5)    Grant such other relief as this Court deems proper under the circumstances; and

(6)    Grant attorney's fees, expenses and costs of court to Plaintiffs, pursuant to the EAJA.


Respectfully submitted on this 27th day of March 2015.


___/s/ *Aron A. Finkelstein*_____
Aron A. Finkelstein, Esquire
U.S. District Court Bar #MD25560
Murthy Law Firm
10451 Mill Run Circle, Suite 100
Owings Mills, MD  21117
(410) 356-5440

Attorney for Plaintiffs